Thomas J. Murray and Mary E. Murray (husband and wife) v. Commissioner.
Murray v. Commissioner
Docket No. 68724.
United States Tax Court
T.C. Memo 1960-17; 1960 Tax Ct. Memo LEXIS 271; 19 T.C.M. (CCH) 98; T.C.M. (RIA) 60017; February 15, 1960
Thomas J. Murray, pro se, 255 Galloway Park Drive, Decatur, Ill. Charles B. Wolfe, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in income tax of petitioners for the taxable years 1953, 1954 and 1955 in the amounts of $403.10, $256.14 and $249.84, respectively. The only issue for decision is whether petitioner, Thomas J. Murray, furnished more than one-half the support of his two minor children during the years in question so as to entitle *272 him to deductions therefor under the provisions of section 25(b), Internal Revenue Code of 1939, and sections 151 and 152, Internal Revenue Code of 1954. Findings of Fact Thomas J. Murray, hereinafter sometimes referred to as petitioner, and Mary E. Murray are husband and wife and they reside in Decatur, Illinois. They filed their joint income tax returns for 1953, 1954 and 1955 with the district director of internal revenue at Springfield, Illinois. In these returns petitioner claimed as credits against net income for the taxable year 1953 and as deductions in computing taxable income for the taxable years 1954 and 1955, exemptions of $600 each for Lynda Kay Murray and Timothy Lynn Murray as his dependents. Respondent's notice of deficiency disallowed the above claimed credits and deductions for Lynda and Timothy as petitioner's dependents. Lynda and Timothy are petitioner's children and they were 10 and 5 years old, respectively, in the year 1953. The children's mother, Dorothy Lee Murray, was divorced from petitioner in June of 1953. The divorce decree granted custody of the children to Dorothy Lee and they lived with her in a rented apartment in a house *273 her father owned, during all of the years involved. During the calendar years 1953, 1954 and 1955 petitioner paid to Dorothy Lee Murray $560, $1,020 and $1,080, respectively, for support of the children pursuant to the child support provisions of the divorce decree. Petitioner also paid to Dorothy Lee Murray the sum of $340 during the period February 21, 1953 to June 13, 1953. This sum was paid by means of 17 checks made out to Dorothy Murray in the sum of $20 each. These checks are all written in ink and 12 of them have "For Support" written thereon in ink and two of these 12 have the penciled word "child" inserted on a slant between the words "For" and "Support". In addition to the above, petitioner paid in either 1953 or 1954 a $63 hospital bill and a $15 doctor bill for Timothy. Petitioner did not contribute more than 50 per cent of the total amount spent for the support of his son and daughter in each of the years 1953, 1954 and 1955. Opinion Petitioner tried his own case. He had the burden to establish that he paid more than half of the children's support during each of the years involved. Necessarily this involves the burden of showing the total amount spent for the *274 support of the children each year. Petitioner testified as to his own expenditures for the children's support. The evidence as to payments, other than pursuant to the child support provisions of the divorce decree, and as to gifts which could be construed as support, is vague and unsatisfactory. The hospital and doctor bills he paid were in one of two years. He merely said he gave the children gifts - "bicycles and transistor radio * * * During the years involved" and he occasionally spent money on meals for the children and he would give his daughter "a dollar or two". The balance of his testimony related to $100 spent on a vacation trip with the children and payments he made for insurance policies. One was on his life for $8,000, with his mother as named beneficiary (he had the right to change the beneficiary) and he testified he had an informal arrangement with his mother that if anything happened to him, his mother would give the proceeds of the policy to his children. The other policy, paid for by deductions from his salary where he worked, paid him sick benefits of $50 a week if he was off work on account of sickness and he testified the children would get $20 of such $50 weekly *275 payment. Obviously, the sums paid for these insurance policies could not be construed as support payments for the children. Petitioner gave no testimony as to the total amount spent for the support of the children during each of the years involved. However, he called his ex-wife, Dorothy Lee Murray, to the witness stand and he asked her a few questions as to her having bills and receipts showing her expenditures. She testified in response to questions by the Court that she spent for the support of the children in the years 1953, 1954 and 1955 the sums of $2,524.19, $3,098.33 and $2,719.62, respectively. Petitioner asked her a few more questions as to such expenditures and brought out the fact that she did not have receipts for all of her payments. Petitioner filed no brief or argument in this Court. Upon the record presented, we hold petitioner failed to sustain his burden of establishing that he contributed over half of the amount expended for the support of Lynda and Timothy during the years involved. Decision will be entered for the respondent.